UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SHARON WILFORD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:15 CV 1130 CDP |
|  | ) |  |
| AT&T, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This recently removed case is before me on my review for subject matter jurisdiction. Defendant Southwestern Bell (allegedly improperly named as AT&T in the petition) removed this Missouri Human Rights Act discrimination case to this Court on July 22, 2015, citing diversity jurisdiction under 28 U.S.C. § 1332(a)(1). As alleged in the petition, plaintiff worked as a sales agent and later service representative at Southwestern Bell's call center in Kirkwood, Missouri. Defendants Gardner and Jones were her supervisors. Plaintiff alleges she was subject to discipline by Gardner and then suspended and discharged by Jones based on her disability and age. Plaintiff's state court petition names Southwestern Bell, Gardner, and Jones as defendants. Although Gardner and Jones are citizens of Missouri, Southwestern Bell argues that removal was nevertheless proper because Gardner and Jones are fraudulently joined. Southwestern Bell's sole basis for this

1

argument is that these two defendants were not named in plaintiff's charge of discrimination.[1]  According to Southwestern Bell, Gardner and Jones cannot be held liable under the MHRA and must be dismissed from this lawsuit.  This argument, however, is not necessarily correct.

28 U.S.C. § 1441(b) allows a defendant to remove a civil action from state court to federal court based on diversity jurisdiction only if none of the properly joined defendants are citizens of the state on which the original action was filed.  Applied here, there is no removal jurisdiction over this case if one of the defendants is citizen of Missouri.  28 U.S.C. § 1441(b); Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992).  Southwestern Bell, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied.  See In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand.  Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

If resident defendants are fraudulently joined, removal is not precluded. *Knudson v. Systems Painters, Inc.,* 634 F.3d 968, 976 (8th Cir. 2011).  "[A] plaintiff cannot defeat a defendant's right of removal by fraudulently joining a

---

[1] Although Southwestern Bell alleges that it attached plaintiff's Charge of Discrimination as an exhibit to the Notice of Removal, no exhibits other than the state court file were attached to the Notice of Removal.

defendant who has no real connection with the controversy." *Id.* (internal quotation marks and citation omitted). "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Id.* (cited source omitted).

"Ordinarily, to prove that a plaintiff fraudulently joined a diversity-destroying defendant, [the Eighth Circuit Court of Appeals has] required a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson,* 634 F.3d at 977 (quoting *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 810 (8th Cir. 2003)). Under this standard, "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla,* 336 F.3d at 810 (internal quotation marks omitted). Joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811.

As the Eighth Circuit explained in *Filla,*

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no

> responsibility to definitively settle the ambiguous question of state law.

*Id.* (citations omitted). The Eighth Circuit instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir. 1977)).

To pursue a claim under the MHRA, the statute requires that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice" must file a charge of discrimination "which shall state the name and address of the person alleged to have committed the unlawful practice and which shall set forth the particulars thereof." Mo. Rev. Stat. § 213.075(1). In addition, a "claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." *Tart v. Hill Behan Lumber Co.,* 31 F.3d 668, 671 (8th Cir. 1994)(citing Mo. Rev. Stat. §§ 213.075, 213.111(1)). "[A]dministrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." *Id* .

In general, a plaintiff must exhaust his or her administrative remedies by naming all of those alleged to be involved in the discriminatory behavior in the administrative charge. *See Hill v. Ford Motor Co.,* 277 S.W.3d 659, 669 (Mo. 2009). But the failure to name a supervisor in the discrimination charge does not necessarily bar suit against the supervisor. *Id.* In the *Hill* decision, the Missouri Supreme Court wrote that the purpose of naming a party in the charge of discrimination is "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation, such as through the EEOC's conciliation process." *Id.* at 669 (citing *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3rd Cir. 1977)). It noted that "[t]hese requirements are met when there is a substantial identity of interest between the parties sued and those charged . . . ." *Id.* According to the Missouri Supreme Court, determining whether a sufficient identity of interest exists requires consideration of the following factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [administrative charge]; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the [administrative] proceedings; (3) whether its absence from the [administrative] proceedings resulted in actual prejudice to the interests of the unnamed party; [and] (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 669–70 (citation omitted). In *Hill,* the Missouri Supreme Court reversed and remanded the cause of action to the trial court for it to "consider whether the factors permitting suit to proceed against [the individual], despite failure to join him during the administrative portion of the process, are satisfied." *Id.* at 670.

Therefore, under Missouri law there are certain factual circumstances under which a plaintiff may pursue a claim against an individual defendant, even though that defendant was not named as an "employer" in the charge of discrimination. Here, the Court is unable to determine at this juncture whether a Missouri court might determine that plaintiff may pursue her claims against the resident defendants. As Southwestern Bell bears the burden of establishing all prerequisites for jurisdiction, I will order it show cause by **August 7, 2015**, why this case should not be remanded under the standards set out above. Plaintiff should file her opposition to defendant's response and/or a properly supported motion for remand by no later than **August 21, 2015**. This Court is mindful that it must not engage in an intensive factual analysis, as when determining jurisdiction the Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability upon the facts involved" and it must resolve all facts in the plaintiff's favor. *Filla*, 336 F.3d at 811; *Allen v. DAL Global Services, LLC*, 2014 WL 2118007, at * 5 (E.D. Mo. May 21, 2014). The Court

should not step from the threshold jurisdictional issue into a decision on the merits. *Filla*, 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction."). If the issue is debatable, "the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide." *Id.* (internal quotation marks and citation omitted); *Walters v. Sensient Colors, LLC*, No. 4:14CV1241, 2015 WL 667986, at *4-*5 (E.D. Mo. Feb. 17, 2015) (J. Autrey); *Bock v. Liberty Restaurant Group*, No. 4:13CV781, 2013 WL 4504375, at *3 (E.D. Mo. Aug. 23, 2013) (J. Fleissig); *Hall v. Avis Budget Car Rental, LLC.*, No. 4:12CV738, 2012 WL 2191620, at *3 (E.D. Mo. June 14, 2012) (J. Fleissig); *Dones v. Sensient Colors, LLC*, No. 4:12CV216, 2012 WL 1802438, at *3 (E.D. Mo. May 17, 2012) (J. Fleissig); *Huye v. Life Care Centers of Am., Inc.*, No. 4:12CV111, 2012 WL 1605250, at *3 (E.D. Mo. May 8, 2012) (J. Jackson); *Fernandez v. GMRI, Inc.*, No. 4:11CV244, 2011 WL 6884797, at *3 (E.D. Mo. Dec. 29, 2011) (J. Fleissig); *Jameson v. Gough*, No. 4:09CV2021, 2010 WL 716107, at *4 (E.D. Mo. Feb. 24, 2010) (J. Sippel); *Moss v. Defender Servs., Inc.*, 1:08CV88, 2009 WL 90136, at *3 (E.D. Mo. Jan. 14, 2009) (J. Shaw) (same); *Messmer v. Kindred Hosp. St. Louis*, No. 4:08CV749, 2008 WL 4948451, at *3 (E.D. Mo. Nov. 10, 2008) (J. Jackson); *Peterson v. Concentra, Inc.*, 4:07CV387, 2007 WL 1459826, at *2 (E.D. Mo. May 16, 2007) (J. Stohr).

In addition, Southwestern Bell alleges that "the amount in controversy claimed by Plaintiff exceeds $75,000 . . . ." To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met. Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000." 28 U.S.C. § 1332(a). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." 28 U.S.C. § 1446(c)(2)(a). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted *when not contested by the plaintiff or questioned by the court*." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (U.S. Dec. 15, 2014) (emphasis supplied). "Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when . . . the court questions the defendant's allegation." Id. at 554. Here, the Court questions defendant's allegation regarding the amount in controversy because plaintiff's state court petition does not plead an amount in damages exceeding $75,000.00. Defendant's Notice of Removal alleges that plaintiff's claims exceed the jurisdictional minimum by pointing to rote "Wherefore" clauses in the petition seeking punitive damages, attorneys' fees, and costs, but at this point defendant has come forward

8

with no evidence in the form of discovery responses or settlement offers to suggest that these damages might be awarded in this case or that, even if so, that they reasonably may exceed the jurisdictional amount.  See Jackson v. Fitness Resource Group, Inc., No. 4:12CV986, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (court may consider settlement offers in determining amount in controversy). While Southwestern Bell also mentions several verdicts in other discrimination cases, the Court has no evidence at this point regarding the similarity of these cases to the one at bar.  Hoffman v. Empire Mach. & Tools Ltd., 4:10CV201, 2010 WL 2216631, at *2 (W.D. Mo. May 28, 2010) (court may consider responses to discovery requests or damage recoveries in similar cases in support of amount in controversy).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Southwestern Bell shall show cause why this case should not be remanded for the reasons set out above no later than **August 7, 2015**.  Plaintiff may file her opposition and/or a motion for remand by **August 21, 2015**.  No further briefing or a hearing will be permitted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2015.