UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SHARON WILFORD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:15 CV 1130 CDP |
| AT&T, et al., | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER OF REMAND

This recently removed case is before me on plaintiff's motion for remand. Defendant Southwestern Bell (allegedly improperly named as AT&T in the petition) removed this Missouri Human Rights Act discrimination case to this Court on July 22, 2015, citing diversity jurisdiction under 28 U.S.C. § 1332(a)(1). As alleged in the petition, plaintiff worked as a sales agent and later service representative at Southwestern Bell's call center in Kirkwood, Missouri. Defendants Gardner and Jones were her supervisors. Plaintiff alleges she was subject to discipline by Gardner and then suspended and discharged by Jones based on her disability and age. Plaintiff's state court petition names Southwestern Bell, Gardner, and Jones as defendants. Although Gardner and Jones are citizens of Missouri, Southwestern Bell argues that removal was nevertheless proper because Gardner and Jones are fraudulently joined. Southwestern Bell's sole basis for this

argument is that these two defendants were not named in plaintiff's charge of discrimination. According to Southwestern Bell, Gardner and Jones cannot be held liable under the MHRA and must be dismissed from this lawsuit. This argument, however, is incorrect. Gardner and Jones were not fraudulently joined because it is arguable that Missouri state law might impose liability against them under the MHRA. For this reason, the Court lacks subject matter jurisdiction over this action. Plaintiff's motion for remand will therefore be granted.

Plaintiff is a citizen of Illinois, Southwestern Bell is a citizen of Delaware and Texas, and Gardner and Jones are citizens of Missouri. Although the parties are diverse, this does not end the subject-matter inquiry in a removal case. 28 U.S.C. § 1441(b) allows a defendant to remove a civil action from state court to federal court based on diversity jurisdiction only if none of the properly joined defendants are citizens of the state on which the original action was filed. Applying the forum defendant rule here, there is no removal jurisdiction over this case if one of the defendants is citizen of Missouri because "a defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed." *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992); 28 U.S.C. § 1441(b). Southwestern Bell, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *See In re Business Men's Assur. Co. of America*, 992

F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

As Gardner and Jones are Missouri citizens, the forum defendant rule precludes removal unless they are fraudulently joined. *Knudson v. Systems Painters, Inc.,* 634 F.3d 968, 976 (8th Cir. 2011). "[A] plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy." *Id.* (internal quotation marks and citation omitted). "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Id.* (cited source omitted). "However, if there is a colorable cause of action – that is, if the state law might impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotation marks and citation omitted). The standards for determining whether a resident defendant is fraudulently joined are the same as the standards for determining whether a diversity-destroying defendant is fraudulently joined. *See id.* Under this standard, "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal

jurisdiction of the case should be retained." *Id.* (internal quotation marks omitted). Joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811.

As the Eighth Circuit explained in *Filla*,

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.

*Id.* (citations omitted). The Eighth Circuit instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

To pursue a claim under the MHRA, the statute requires that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice" must file a charge of discrimination "which shall state the name and address of the person alleged to have committed the unlawful practice and which shall set forth the particulars thereof." Mo. Rev. Stat. § 213.075(1). In addition, a "claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter."

*Tart v. Hill Behan Lumber Co.,* 31 F.3d 668, 671 (8th Cir. 1994)(citing Mo. Rev. Stat. §§ 213.075, 213.111(1)). "[A]dministrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." *Id* .

In general, a plaintiff must exhaust his or her administrative remedies by naming all of those alleged to be involved in the discriminatory behavior in the administrative charge. *See Hill v. Ford Motor Co.,* 277 S.W.3d 659, 669 (Mo. 2009). But the failure to name a supervisor in the discrimination charge does not necessarily bar suit against the supervisor. *Id.* In the *Hill* decision, the Missouri Supreme Court wrote that the purpose of naming a party in the charge of discrimination is "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation, such as through the EEOC's conciliation process." *Id.* at 669 (citing *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3rd Cir. 1977)). It noted that "[t]hese requirements are met when there is a substantial identity of interest between the parties sued and those charged . . . ." *Id.* According to the Missouri Supreme Court, determining whether a sufficient identity of interest exists requires consideration of the following factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [administrative charge]; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the

5

> [administrative] proceedings; (3) whether its absence from the [administrative] proceedings resulted in actual prejudice to the interests of the unnamed party; [and] (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 669–70 (citation omitted). In *Hill,* the Missouri Supreme Court reversed and remanded the cause of action to the trial court for it to "consider whether the factors permitting suit to proceed against [the individual], despite failure to join him during the administrative portion of the process, are satisfied." *Id.* at 670.

Therefore, under Missouri law there are certain factual circumstances under which a plaintiff may pursue a claim against an individual defendant, even though that defendant was not named as an "employer" in the charge of discrimination. The analysis is fact intensive, and Southwestern Bell urges the Court to engage in this factual analysis. Here, plaintiff argues that there is a substantial identity of interests between Southwestern Bell, Gardner, and Jones because Gardner and Jones are supervisors and engaged in the complained-of conduct, and plaintiff specifically named Jones in the supporting EEO questionnaire. In its opposition to plaintiff's motion to remand, Southwestern Bell attempts to present evidence to the Court that these circumstances are not present by attaching the affidavits of Gardner and Jones. After careful consideration, the Court does not believe that basing its decision on the affidavits provided by Southwestern Bell would be appropriate in this matter. *Allen v. DAL Global Services, LLC*, 2014 WL 2118007,

at *5 (E.D. Mo. May 21, 2014); *Woodard v. Defender Services, Inc.*, 4:14 CV 2099 RWS, Docket # 17 (E.D. Mo. Jan. 22. 2015). In ruling on the motion to remand, the Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability upon the facts involved" and it must resolve all facts in the plaintiff's favor. *Filla*, 336 F.3d at 811; *see also Allen*, 2014 WL 2118007, at * 5. The Court should not step from the threshold jurisdictional issue into a decision on the merits. *See Filla*, 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction."). The Court finds that the issue of administrative exhaustion is properly left to the state court for resolution.

Even if the Court were to consider the affidavits of Gardner and Jones in this case, it does not find the evidence Southwestern Bell presents to be compelling. The affidavits are self-serving and nearly identical to each other. They are also similar to affidavits found to be insufficient by the Honorable Charles A. Shaw in the analogous *Allen* case, 2014 WL 2118007. In that case, Judge Shaw remanded an MHRA discrimination case to state court for resolution of the administrative exhaustion issue where two individual, non-diverse defendants were not named in the EEO charge but in the narrative of a second charge. *Id.* at *6. The individual defendants in the *Allen* case submitted affidavits claiming that they did not have notice "or any indication that [plaintiff] was in any way alleging that I was

personally liable," that they "never had an opportunity to respond to or submit documents as an actual respondent," and that they "never had an opportunity to participate in any conciliation process on my own behalf." *Id.* at 5. Here, Gardner and Jones aver that the EEOC did not communicate with them "as if I was a respondent," that they did not "as an individual who could be held personally liable, receive a copy of Ms. Wilford's Charge," and that they were not given an opportunity to "give any oral or written statement of my personal position to the MCHR or EEOC." [Exs. A and B Doc. # 15]. In rejecting the affidavits in his case, Judge Shaw noted that "[t]he affiants, however, do not state that they did not have actual notice of the charges, or that they did not participate in the administrative process in any way. And notably, the affiants do not declare that they were prejudiced or how their interests would have been different from [the employer], which was named . . . and did participate in the administrative process." *Id.* Like the affiants in *Allen*, Gardner and Jones also do not state that they did not have actual notice of the charges, that they did not participate in the administrative process in any way, or that they were prejudiced from not being individually named in the charge. Although Gardner and Jones complain that they do not have "the same economic position and risk tolerance as my employer," this cursory argument does not persuade me that their joinder is fraudulent in this case. I agree with Judge Shaw that "[t]oo many of the factors outlined in *Hill* are unaddressed

8

by these affidavits for the Court to conclude that there was not a sufficient identity of interest between [Southwestern Bell] and the individual defendants such that a Missouri court would bar suit against these individuals." *Id. See also, Woodard*, 4:14CV2099 RWS, Doc. #17 at 6 (same).

Under the facts of this case – where two individual supervisors engaged in the complained-of conduct and at least one was identified in the accompanying EEO questionnaire – a Missouri court might well determine that plaintiff may pursue her claims against these individual defendants. Although the issue is debatable, "where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide." *Filla*, 336 F.3d at 811 (internal quotation marks and citation omitted); *Walters v. Sensient Colors, LLC*, No. 4:14CV1241, 2015 WL 667986, at *4-*5 (E.D. Mo. Feb. 17, 2015) (J. Autrey); *Bock v. Liberty Restaurant Group*, No. 4:13CV781, 2013 WL 4504375, at *3 (E.D. Mo. Aug. 23, 2013) (J. Fleissig); *Hall v. Avis Budget Car Rental, LLC.*, No. 4:12CV738, 2012 WL 2191620, at *3 (E.D. Mo. June 14, 2012) (J. Fleissig); *Dones v. Sensient Colors, LLC*, No. 4:12CV216, 2012 WL 1802438, at *3 (E.D. Mo. May 17, 2012) (J. Fleissig); *Huye v. Life Care Centers of Am., Inc.*, No. 4:12CV111, 2012 WL 1605250, at *3 (E.D. Mo. May 8, 2012) (J. Jackson); *Fernandez v. GMRI, Inc.*, No.

4:11CV244, 2011 WL 6884797, at *3 (E.D. Mo. Dec. 29, 2011) (J. Fleissig); *Jameson v. Gough*, No. 4:09CV2021, 2010 WL 716107, at *4 (E.D. Mo. Feb. 24, 2010) (J. Sippel); *Moss v. Defender Servs., Inc.*, 1:08CV88, 2009 WL 90136, at *3 (E.D. Mo. Jan. 14, 2009) (J. Shaw) (same); *Messmer v. Kindred Hosp. St. Louis*, No. 4:08CV749, 2008 WL 4948451, at *3 (E.D. Mo. Nov. 10, 2008) (J. Jackson); *Peterson v. Concentra, Inc.*, 4:07CV387, 2007 WL 1459826, at *2 (E.D. Mo. May 16, 2007) (J. Stohr). For these reasons, the Court will remand the case to state court for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand [#17] is granted, and this case is remanded to the Circuit Court of St. Louis County, Missouri pursuant to 28 U.S.C. Section 1447(d).

**IT IS HEREBY ORDERED** that all pending motions are denied without prejudice to being refiled in state court.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2015.